THE SINGER MANUFACTURING COMPANY, RESPOND-
ENT, v. MARY HILL, APPELLANT.

*What is an action on contract — Laws of* 1813, *chap.* 92 — 2 *R. L.,* 153, *sec.* 2.

An Indian of the Seneca Tribe or Nation bought a sewing machine of a manu-
facturing corporation under a lease, or by a conditional sale, which provided
that, until payment, the title should remain in the corporation. The vendee
having failed to make full payment, the vendor demanded the amount due, which
was not paid, and thereafter demanded the machine, which demand was refused.
The vendee then brought an action of replevin to recover the sewing machine.
It is forbidden by chapter 92, Laws of 1813 (2 R. L., 153, § 2), to sue or maintain
any action upon a contract against any of the Indians of the Seneca Tribe or
Nation.
*Held,* that the right of action arose upon the demand and wrongful refusal of the
defendant to give up the machine; that, consequently, the action was not on
contract, but was one sounding in tort.

APPEAL by the defendant, Mary Hill, from a judgment of the
County Court of Cattaraugus county, entered in the office of the
clerk of said county on the 24th day of January, 1891, affirming
the judgment of a justice of the peace in favor of the plaintiff, and
awarding it the possession of a certain sewing machine, with costs.

*A. Hazeltine,* for the appellant.

*G. W. Cole,* for the respondent.

DWIGHT, P. J. :

The action was replevin for a sewing machine. The defendant
is a woman of the Seneca Nation of Indians. By chapter 92 of the
Laws of 1813 (2 R. L., 153, § 2) it is provided : " That no person
shall sue or maintain any action on any bond, bill, note, promise
*or other contract* hereafter to be made against any of the Indians
* * * of the Seneca Tribe or Nation ; * * * and every
person who shall sue or prosecute any such action against any of
the said Indians shall be liable to pay treble costs to the party
grieved." The defendant was in possession of the sewing machine
under an agreement with the plaintiff, witnessed by a writing
signed by the defendant, dated December 20, 1881, and denomi-
nated a lease, which certified that she had leased the machine

·of the plaintiff for the term of fourteen months, and that for the use of it she agreed to pay the sum of fifty dollars, in sums specified, payable monthly, commencing with the date of the agreement. The lease contained stipulations as to the disposition, use and care of the machine during the said term, and continued as follows : " And if any default should be made in the payment of the rent or any part thereof, as above provided, or if I shall violate any of the provisions of this agreement, then and in either case, on demand, I agree to pay the said Singer Manufacturing Company, their agent or assigns, the full original price of said machine, less the sum or sums that shall actually have been paid for the hire of the same; and it is further agreed, that in case I fail to pay, as last aforesaid, or fail to pay the rents, as above stipulated, or any portion thereof, or shall violate any of the provisions of this agreement, they, the said Singer Manufacturing Company, at their election, may take said machine, and I hereby agree to surrender and deliver the same with all its accompaniments, to them or their authorized agent without let or hindrance, and do authorize them to enter my dwelling, building or place of business for the purpose of reclaiming the same. It is further agreed that as soon as the Singer Manufacturing Company shall have received the sum of fifty dollars, from the said rent or otherwise for the said machine, the full title and ownership thereof shall pass from the said the Singer Manufacturing Company to me, and not before." Below the date and the signature of the defendant was the following : " This certifies that I know and fully understand the provisions of the above lease. (Signed.) Mary Hill."

The defendant had had possession of the machine nearly eight years, and had paid under the contract less than thirty-five dollars, when the plaintiff demanded the balance of the money due, which the defendant declared herself unable to pay. The plaintiff then demanded possession of the machine which the defendant refused to give, unless she was repaid the money already paid by her, and the plaintiff thereupon commenced this action of replevin and took the machine under process issued therein.

The sole question in the case is whether that action was an action "on contract" within the meaning of the statute quoted above. Whether the agreement under which the defendant took possession of the machine was a lease or a conditional sale, or both, it is plain

that the title to the property was all the time in the plaintiff. From the moment of the demand and refusal to deliver the machine the possession of the defendant was wrongful. The plaintiff's cause of action in replevin was based upon that demand and refusal. Although the contract between the parties determined the right of the plaintiff to the possession of the property, yet the right of action in replevin was not given by the contract, but arose only upon the wrongful refusal of the defendant to deliver the property on demand. The action of replevin is not an action on contract, but is one sounding in tort. If a Seneca Indian hired a horse for a day or for a week, and then refused to return him to the owner, there would be no question of the right of the latter to maintain replevin for his horse, even though the Indian acquired possession under a contract and the right of the owner to the possession depended upon the term of the hiring, which was fixed by the same contract.

The case of *Hastings* v. *Farmer* (4 Comst., 293) is not at all in point. Hastings had bought a pair of horses at a sale on an execution, issued upon a judgment recovered by default against an Indian, in an action on contract. The Indian took his horses where he could find them, and Hastings brought replevin to recover possession of the property. The court held that the judgment, the execution and the sale were absolutely void, and that the plaintiff acquired no title by his purchase. He was not defeated because *his* action was on contract, but because the action in which the judgment was recovered under which he claimed title was on contract, and, therefore, void.

The judgment in this case must be affirmed.

MACOMBER, J., concurred.

Judgment of County Court of Cattaraugus county appealed from affirmed, with costs.